**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 15, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:

JEFFREY L. JASPER,

    Debtor.

HENRY W. TAYLOR, III,

    Plaintiff-Appellee,

v.

JEFFREY L. JASPER,

    Defendant-Appellant.

No. 07-2064
(BAP No. NM-06-092)
(BAP)

**ORDER AND JUDGMENT**[*]

Before **LUCERO** and **PORFILIO**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In this bankruptcy adversary proceeding, defendant Jeffrey L. Jasper appeals the bankruptcy court's grant of summary judgment in favor of plaintiff Henry W. Taylor, III. Because Jasper was convicted in a Texas criminal court of committing an aggravated assault against Taylor and found liable to Taylor in a separate Texas civil proceeding for committing a willful and malicious common law assault, the bankruptcy court found that the doctrine of collateral estoppel prohibits Jasper from relitigating the issue of whether his debt to Taylor was the result of a willful and malicious injury and thus non-dischargeable under 11 U.S.C. § 523(a)(6). *See Taylor v. Jasper (In re Jasper)*, Ch. 7 Case No. 05-14282-SA, Adv. No. 05-1192-S, slip op. at 6-10 (Bankr. D.N.M. Aug. 22, 2006). In a thorough and well-reasoned order and judgment, the Bankruptcy Appellate Panel of the Tenth Circuit (BAP) affirmed the bankruptcy court's grant of summary judgment in favor of Taylor in all respects. *See Taylor v. Jasper (In re Jasper)*, No. NM-06-092, 2007 WL 390287 at *2-5 (B.A.P. 10th Cir. Feb. 5, 2007). Exercising jurisdiction under 28 U.S.C. § 158(d)(1), we affirm the bankruptcy court's entry of summary judgment in favor of Taylor.

Although Jasper has submitted a well-written brief and advanced some interesting legal arguments, we do not need to dally in disposing of this appeal. Simply put, on November 15, 1992, Jasper broke Taylor's left arm and bit off the tip of his right middle finger, and Jasper was subsequently convicted in a Texas criminal court of aggravated assault by causing serious bodily injury. Further, in

a related Texas civil case in which Jasper defaulted and failed to show up for trial, Jasper was found liable for common law assault and Taylor was awarded substantial compensatory and punitive damages. Importantly, the Texas court's civil judgment specifically states that "the assault committed by [Jasper] on [Taylor] was willful and malicious, and was actuated by malice." Aplt. App. at 64. Given these facts, the bankruptcy court's collateral estoppel ruling is beyond reproach, and, to resolve this appeal, we need only incorporate by reference the thorough legal reasoning set forth in the bankruptcy court's memorandum opinion, *see In re Jasper*, Adv. No. 05-1192-S, slip op. at 6-10, and the BAP's order and judgment, *see In re Jasper*, 2007 WL 390287 at *2-5.

In sum, as the bankruptcy court and the BAP correctly found, Jasper had a full and fair opportunity to litigate the maliciousness issue in the Texas civil case, both at the trial court and appellate court levels, and he failed to put forth any defense. Consequently, the doctrine of collateral estoppel bars him from challenging the sufficiency of the evidence that was presented at the trial in the civil case. Alternatively, the bankruptcy court and the BAP correctly concluded that the Texas criminal conviction for aggravated assault embodies a malice finding that collaterally estops Jasper from relitigating the issue in his bankruptcy case.

The judgment of the bankruptcy court is AFFIRMED.

Entered for the Court


Wade Brorby
Senior Circuit Judge